# EXHIBIT "A"

**Summons and Verified Complaint**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed:_____

MATT TAN VILLANUEVA and INDIRA VILLANUEVA,

                Plaintiffs,

-against-

HAROLD MASSENGILL and JB HUNT TRANSPORT INC,

                Defendants.

INDEX NO.

Plaintiff designates
QUEENS County as the
place of trial.

**SUMMONS**

The basis of venue is
the location of the accident.

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
       October 16, 2020

_____
By: Nicholas Mateusz Madej, Esq.
SURDEZ & PEREZ, P.C.
Attorneys for Plaintiff
32-72 Steinway Street, Suite 401
Astoria, New York 11103
(718) 482-1555

## ADDENDUM

TO: HAROLD MASSENGILL
4334 Berger Ave,
Baltimore, Maryland 21206

JB HUNT TRANSPORT INC.
8825 N. 23d Avenue, Suite 100
Phoenix, Arizona 85021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MATT TAN VILLANUEVA and INDIRA VILLANUEVA,

                              Plaintiffs,

  -against-

HAROLD MASSENGILL and JB HUNT TRANSPORT INC,

                              Defendants.

INDEX NO.

**VERIFIED COMPLAINT**

---

Plaintiffs, by their attorneys, SURDEZ & PEREZ, P.C., as and for their Verified Complaint, respectfully alleges, the following:

### AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MATT TAN VILLANUEVA

1. The plaintiff, MATT TAN VILLANUEVA, that at all times herein mentioned was and is a resident of the County of Nassau, Town of Valley Stream, and the State of New York.

2. Upon information and belief, the defendant, HAROLD MASSENGILL, at all times herein mentioned was and is a resident of the Town of Baltimore and the State of Maryland.

3. Upon information and belief, the defendant, JB HUNT TRANSPORT, INC, at all times herein mentioned was and is a corporation licensed to do business in the State of Arizona, organized and existing under the laws of the State of Arizona, with a principal place of business situated in the County of Maricopa, City of Phoenix, and the State of Arizona.

4. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. was the owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

5. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT INC. was the registered owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

6. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. was the titled owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

7. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. maintained a certain automobile, bearing Oklahoma license plate number 2WJ230.

8. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT INC. controlled a certain automobile, bearing Oklahoma license plate number 2WJ230.

9. On January 8, 2019, defendant HAROLD MASSENGILL was the operator of a certain automobile, bearing Oklahoma license plate number 2WJ230.

10. On January 8, 2019, the automobile bearing Oklahoma license plate number 2WJ230 was being operated by defendant HAROLD MASSENGILL with the express knowledge and/or consent of the owner.

11. On January 8, 2019, the automobile bearing Oklahoma license plate number 2WJ230 was being operated by defendant HAROLD MASSENGILL on the business of its owner.

12. On January 8, 2019, the plaintiff MATT TAN VILLANUEVA was the operator of a certain automobile, bearing Hawaii license plate number GMA7146.

13. On January 8, 2019, the vehicle operated by the defendant HAROLD MASSENGILL bearing Oklahoma license plate 2WJ230 and the vehicle operated by the plaintiff MATT TAN VILLANUEVA, bearing Hawaii license plate GMA7146 came into contact with each other at or about the intersection of 47th Avenue and Vandam Street, County of Queens, City and State of New York.

14. That at all times herein mentioned, the roadways at or near, and including, the intersection of 47th avenue and Vandam Street, County of Queens, City and State of New York, are and were public roadways, streets, highways, interstates, and/or thoroughfares used extensively by the public in general.

15. That the negligence of the defendant HAROLD MASSENGILL and JB HUNT TRANSPORT INC. consisted of owning, operating, maintaining and controlling the aforesaid motor vehicles in a negligent and careless manner causing severe personal injuries to the plaintiff.

16. Solely as a result of the defendants' negligence and carelessness the plaintiff was caused to suffer severe and serious personal injuries, and further, that the plaintiff was subjected to great physical pain.

17. As a result of the foregoing collision, the plaintiff MATT TAN VILLANUEVA sustained a "serious injury" as defined by Article 51 of the Insurance Law of the State of New York.

18. As a result of the foregoing collision, the plaintiff MATT TAN VILLANUEVA suffered "economic loss" in excess of "basic economic loss", as those terms are defined by Article 51 of the Insurance Law of the State of New York.

19. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

20. Due to defendants' negligence, plaintiff is entitled to damages in excess of the jurisdictional limit of all lower courts that would otherwise have jurisdiction in this state and by the reason of the foregoing, the plaintiff has suffered damages in the amount to be determined at trial.

### AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF INDIRA VILLANUEVA

21. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

22. The plaintiff, INDIRA VILLANUEVA, that at all times herein mentioned was and is a resident of the County of Nassau, Town of Valley Stream, and the State of New York.

23. Upon information and belief, the defendant, HAROLD MASSENGILL, at all times

herein mentioned was and is a resident of the Town of Baltimore and the State of Maryland.

24. Upon information and belief, the defendant, JB HUNT TRANSPORT, INC, at all times herein mentioned was and is a corporation licensed to do business in the State of Arizona, organized and existing under the laws of the State of Arizona, with a principal place of business situated in the County of Maricopa, City of Phoenix, and the State of Arizona.

25. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. was the owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

26. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT INC. was the registered owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

27. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. was the titled owner of a certain automobile, bearing Oklahoma license plate number 2WJ230.

28. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT, INC. maintained a certain automobile, bearing Oklahoma license plate number 2WJ230.

29. Upon information and belief, on January 8, 2019, defendant JB HUNT TRANSPORT INC. controlled a certain automobile, bearing Oklahoma license plate number 2WJ230.

30. On January 8, 2019, defendant HAROLD MASSENGILL was the operator of a certain automobile, bearing Oklahoma license plate number 2WJ230.

31. On January 8, 2019, the automobile bearing Oklahoma license plate number 2WJ230 was being operated by defendant HAROLD MASSENGILL with the express knowledge and/or consent of the owner.

32. On January 8, 2019, the automobile bearing Oklahoma license plate number 2WJ230 was being operated by defendant HAROLD MASSENGILL on the business of its owner.

33. On January 8, 2019, the plaintiff INDIRA VILLANUEVA was the passenger in a certain

4

automobile, bearing Hawaii license plate number GMA7146.

34. On January 8, 2019, the vehicle operated by the defendant HAROLD MASSENGILL bearing Oklahoma license plate 2WJ230 and the vehicle in which plaintiff INDIRA VILLANUEVA was a passenger, bearing Hawaii license plate GMA7146 came into contact with each other at or near the intersection of 47th Avenue and Vandam Street, County of Queens, City and State of New York.

35. That at all times herein mentioned, the roadways at or near, and including, the intersection of 47th avenue and Vandam Street, County of Queens, City and State of New York, are and were public roadways, streets, highways, interstates, and/or thoroughfares used extensively by the public in general.

36. That the negligence of the defendant HAROLD MASSENGILL and JB HUNT TRANSPORT INC. consisted of owning, operating, maintaining and controlling the aforesaid motor vehicles in a negligent and careless manner causing severe personal injuries to the plaintiff.

37. Solely as a result of the defendants' negligence and carelessness the plaintiff was caused to suffer severe and serious personal injuries, and further, that the plaintiff was subjected to great physical pain.

38. As a result of the foregoing collision, the plaintiff INDIRA VILLANUEVA sustained a "serious injury" as defined by Article 51 of the Insurance Law of the State of New York.

39. As a result of the foregoing collision, the plaintiff INDIRA VILLANUEVA suffered "economic loss" in excess of "basic economic loss", as those terms are defined by Article 51 of the Insurance Law of the State of New York.

40. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

41. Due to defendants' negligence, plaintiff is entitled to damages in excess of the

5

FILED: QUEENS COUNTY CLERK 10/19/2020 04:43 PM
NYSCEF DOC. NO. 1

Case 1:20-cv-05671-FB-SMG Document 1-1 Filed 11/20/20 Page 9 of 17 PageID #: 12
INDEX NO. 719078/2020
RECEIVED NYSCEF: 10/19/2020

jurisdictional limit of all lower courts that would otherwise have jurisdiction in this state and by the reason of the foregoing, the plaintiff has suffered damages in the amount to be determined at trial.

### AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MATT TAN VILLANUEVA FOR VICARIOUS LIABILITY

42. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was, operating the aforesaid automobile bearing Oklahoma license plate number 2WJ230 as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer JB HUNT TRANSPORT INC.

44. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was acting with the full knowledge, permission, and/or consent of defendant employer JB HUNT TRANSPORT INC.

45. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was acting within the course and scope of his employment with defendant employer JB HUNT TRANSPORT INC.

46. By reason of the aforesaid negligence and carelessness of defendant employee HAROLD MASSENGILL in the operation of said vehicle, defendant employer JB HUNT TRANSPORT INC. is vicariously liable for the injuries suffered by Plaintiff MATT TAN VILLANUEVA.

47. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff MATT TAN VILLANUEVA was injured.

48. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff MATT TAN VILLANUEVA was seriously injured.

### AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF INDIRA VILLANUEVA FOR VICARIOUS LIABILITY

49. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was, operating the aforesaid automobile bearing Oklahoma license plate number 2WJ230 as an agent, servant, employee, and/or otherwise acting under the direction and control of defendant employer JB HUNT TRANSPORT INC.

51. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was acting with the full knowledge, permission, and/or consent of defendant employer JB HUNT TRANSPORT INC.

52. Upon information and belief, on January 8, 2019, defendant employee HAROLD MASSENGILL was acting within the course and scope of his employment with defendant employer JB HUNT TRANSPORT INC.

53. By reason of the aforesaid negligence and carelessness of defendant employee HAROLD MASSENGILL in the operation of said vehicle, defendant employer JB HUNT TRANSPORT INC. is vicariously liable for the injuries suffered by Plaintiff INDIRA VILLANUEVA.

54. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff INDIRA VILLANUEVA was injured.

55. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff

INDIRA VILLANUEVA was seriously injured.

### AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF MATT TAN VILLANUEVA FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

56. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to hire and retain as employees, agents, and/or servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its motor vehicles.

58. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to ensure that its motor vehicles were entrusted for use only to drivers who were fit to work, properly trained, supervised, and instructed.

59. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to ensure that drivers who constituted a potential hazard or danger to the public, those with unsuitable propensities, and/or those with emotional, physical, psychological, and/or physiological traits and/or characteristics contraindicated to the safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to operate same.

60. As a direct and proximate result of the negligence of defendant employer JB HUNT TRANSPORT INC. in its hiring and retention of defendant employee HAROLD MASSENGILL as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor vehicle involved in the accident, herein, plaintiff MATT TAN VILLANUEVA was seriously injured.

8

61. That by reason of the foregoing, plaintiff MATT TAN VILLANUEVA has been damaged in an amount in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this state and by reason of the foregoing, the plaintiff has suffered damages in the amount to be determined at trial.

62. The limitations on liability set forth in CPLR 1601 do not apply to this action.

### AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF INDIRA VILLANUEVA FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

63. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to hire and retain as employees, agents, and/or servants, suitable, competent, qualified, experienced, train, and adequate individuals to operate its motor vehicles.

65. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to ensure that its motor vehicles were entrusted for use only to drivers who were fit to work, properly trained, supervised, and instructed.

66. On January 8, 2019, and for some time prior to and thereafter, defendant employer JB HUNT TRANSPORT INC. had a duty to ensure that drivers who constituted a potential hazard or danger to the public, those with unsuitable propensities, and/or those with emotional, physical, psychological, and/or physiological traits and/or characteristics contraindicated to the safe operation of its motor vehicles, not be employed, retained, and/or otherwise permitted to operate same.

67. As a direct and proximate result of the negligence of defendant employer JB HUNT TRANSPORT INC. in its hiring and retention of defendant employee HAROLD MASSENGILL as its employee, agent, and/or servant, and its entrustment to him of the aforesaid motor vehicle involved in the accident, herein, plaintiff INDIRA VILLANUEVA was seriously injured.

68. That by reason of the foregoing, plaintiff INDIRA VILLANUEVA has been damaged in an amount in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this state and by reason of the foregoing, the plaintiff has suffered damages in the amount to be determined at trial.

69. The limitations on liability set forth in CPLR 1601 do not apply to this action.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower costs which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
October 16, 2020

By: Nicholas Mateusz Madej, Esq.
**SURDEZ & PEREZ, P.C.**
Attorneys for Plaintiff
32-72 Steinway Street
Suite 401
Astoria, New York 11103
(718) 482-1555

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MATT TAN VILLANUEVA and INDIRA VILLANUEVA,

                Plaintiffs,

-against-

HAROLD MASSENGILL and JB HUNT TRANSPORT INC,

                Defendants.

---

INDEX NO.

**VERIFICATION AND CPLR 3020 (d) CERTIFICATION**

NICHOLAS MATEUSZ MADEJ, an attorney admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury:

1. Affirmant is the attorney for plaintiffs in the within entitled action.

2. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents to be true to affirmant's knowledge, except as to those matters described as being alleged upon information and belief, and as to those matters; affirmant believes them to be true.

3. This verification is being made by affirmant and not by the plaintiff for the reason that plaintiff presently does not reside within Queens County, in which affirmant maintains his office.

4. The sources of affirmant's knowledge and the grounds for affirmant's belief concerning the subject matter of this suit are affirmant's investigation, documents, and affirmant's review of the file maintained by affirmant in the course of the prosecution of this matter.

Dated: Astoria, New York
       October 16, 2020

                                                                 NICHOLAS MATEUSZ MADEJ, ESQ.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-----------------------------------------------------------------X
MATT TAN VILLANUEVA and INDIRA VILLANUEVA,

                        Plaintiff/Petitioner,

        - against -                                Index No. 719078/2020

HAROLD MASSENGILL and JB HUNT TRANSPORT INC,

                        Defendant/Respondent.
-----------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   10/19/2020

**Nicholas Mateusz Madej, Esq.**
Name

Surdez & Perez, P.C.
Firm Name

_Madej_ (signature)

32-72 Steinway Street, Suite 401, Astoria, NY 11103
Address

(718) 482-1555
Phone

ssurdez@surdezlaw.com
E-Mail

To:   Harold Massengill- 4334 Berger Avenue, Baltimore, MD 21206

JB Hunt Transport, INC.- 8825 N 23d Avenue, Suite 100, Phoenix, AZ 85021

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------

MATT TAN VILLANUEVA and INDIRA VILLANUEVA,

                Plaintiffs,

    -against-

HAROLD MASSENGILL and JB HUNT TRANSPORT INC,

                Defendants.

-------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

---

**SURDEZ & PEREZ, P.C.**
Attorneys for Plaintiff
32-72 Steinway Street
Suite 401
Astoria, New York 11103
(718) 482-1555